UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-21163-CIV-GOODMAN

[CONSENT CASE]

MIAMI YACHT CHARTERS, LLC,
and ALBERTO LAMADRID,

    Plaintiffs,

v.

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH PENNSYLVANIA,

    Defendant.
_____/

## ORDER GRANTING MOTIONS TO DISMISS COUNTERCLAIMS AND TO STRIKE

This cause is before the Court on Plaintiffs' Motion to Dismiss Defendant/Counter-Plaintiff's Amended Counterclaim and Motion to Strike Defendant's Amended Affirmative Defenses Paragraphs 16 and 17. For the reasons below, the Court **GRANTS** the motions to dismiss and to strike. Defendant shall have **SEVEN DAYS** to amend paragraphs 16 and 17 of its affirmative defenses.[1]

### I.     INTRODUCTION

This is an action for breach of an insurance contract filed by Plaintiffs, the owners of an insured yacht, against Defendant, the insurer of the yacht. On March 8, 2012, Defendant filed its Motion for Leave to File an Amended Answer and Counterclaim for Declaratory Judgment. [ECF No. 38]. In that motion, Defendant sought leave to amend its affirmative defenses and counterclaims based upon Plaintiffs' alleged intentional misrepresentation of material facts

---

[1] The parties are directed to use the correct case caption, "CASE NO. 11-21163-CIV-GOODMAN" and "[CONSENT CASE]" on all future filings.

1

pertaining to the insurance claim, which Defendant claims violated the insurance agreement. [*See* ECF Nos. 38-3, p. 17; 38-4, p. 9]. Plaintiffs did not oppose amendment as a *procedural* matter but reserved the right to oppose the affirmative defenses and counterclaims substantively. [ECF No. 38, p. 8]. The Court therefore granted the motion. [ECF No. 43].

Plaintiffs filed motions to dismiss and to strike on March 19 and March 22, 2012, respectively. [ECF Nos. 48; 50]. Plaintiffs argue that the Court should dismiss Defendant's counterclaims because Defendant does not actually seek a declaratory judgment and instead improperly seeks judgment on the merits of Plaintiffs' claim. Plaintiffs also argue that the Court should strike, or at least require clarification of, paragraphs 16 and 17 of the amended affirmative defenses because the defenses are based on fraud but do not satisfy Federal Rule of Civil Procedure 9(b)'s pleading standard for fraud allegations.

Defendant filed a combined response to both motions, clarifying the factual basis of its counterclaims and affirmative defenses and identifying case law standing for the proposition that when an insured makes a material misrepresentation in a maritime insurance policy application, it is grounds for the insurer to void the policy. [ECF No. 52]. Defendant, however, did not address directly the arguments Plaintiffs make in the motions.

## II. LEGAL STANDARDS

### a. DECLARATORY JUDGMENT

The Court has subject matter jurisdiction in this action based on the parties' diversity of citizenship. [*See* ECF No. 1]. The Court must therefore apply federal law in resolving procedural matters and Florida law in resolving issues of substantive law. *McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). 28 U.S.C. § 2201 authorizes a federal court to declare the rights and other legal relations of any

interested party in a case of actual controversy within its jurisdiction. *See also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("The operation of the Declaratory Judgment Act is procedural only.") (internal quotation marks omitted). Section 86.021, Florida Statutes (2011), "provides for a declaration of rights or status where a party to an agreement is in doubt as to rights thereunder." *City of Hollywood v. Florida Power & Light Co.*, 624 So. 2d 285, 286 (Fla. 3d DCA 1993); *accord Fernando Grinberg Trust Success Int'l Props., LLC v. Scottsdale Ins. Co.*, No. 10-20448-Civ, 2010 WL 2510662, at *1 (S.D. Fla. Jun. 21, 2010); *see also* § 86.101, Fla. Stat. (2011) ("This chapter is declared to be substantive").

In order to state a claim for declaratory judgment, a party must identify a genuine dispute over "the existence or non-existence of some right or status." *Kelner v. Woody*, 399 So. 2d 35, 37 (Fla. 3d DCA 1991). Declaratory relief is not available "to settle factual issues upon which coverage questions turn under an insurance contract which is clear and unambiguous." *Travelers Ins. Co. v. Emery*, 579 So. 2d 798, 801 (Fla. 1st DCA 1991). The party moving for declaratory judgment must identify some provision of the insurance contract as to which it is in doubt and therefore requires clarification. *Tobon v. American Sec. Ins. Co.*, No. 06-61912-CIV, 2007 WL 1796250, at *2 (S.D. Fla. Jun. 20, 2007) (finding that a mere conclusory allegation that the plaintiff is "in doubt" as to some unidentified term of a contract is insufficient to state a claim for declaratory judgment). A court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim. *Fernando Grinberg Trust*, 2010 WL 2510662, at *1; *see also Casualty Indem. Exch. v. High Croft Enters., Inc.*, 714 F. Supp. 1190, 1193 (S.D. Fla. 1989) (noting "the declaratory remedy is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff if he can beat the other party to the courthouse").

### b. PLEADING FRAUD CLAIMS

Federal Rule of Civil Procedure 9(b) provides as follows:

> **(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Rule 9(b) applies to claims *and* defenses. *Chetu, Inc. v. Salihu*, No. 09-60588-CIV, 2009 WL 3448205, at *4 (S.D. Fla. Oct. 26, 2009); *see also LaFayette v. Bank of Boston Int'l S.*, 723 F. Supp. 1461, 1467 (S.D. Fla. 1989) (striking fraud-based affirmative defense alleged in conclusory terms). A court may strike an affirmative defense as insufficient as a matter of law if it fails to comply with Rule 9(b). Fed. R. Civ. P. 12(f); *United Fixtures Co., Inc. v. Base Mfg.*, No. 6:08-cv-506-Orl-28GJK, 2008 WL 4550212, at *4 (M.D. Fla. Oct. 8, 2008).

To satisfy Rule 9(b), a fraud-based claim or defense must specify:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).

### III. ANALYSIS

### a. MOTION TO DISMISS

Defendant's Amended Counterclaim for Declaratory Judgment contains three counts. [ECF No. 38-4]. Defendant alleges in its first and second counts that the insurance policy does not cover Plaintiffs' claimed damages. In its third count, Defendant alleges that the policy is void because Plaintiffs concealed and misrepresented material facts by submitting, as part of the insurance claim, invoices that are unrelated to the subject incident. Defendant, however, does

4

not contend that any part of the insurance agreement is ambiguous and in need of construction. To the contrary, Defendant appears to assume that these provisions are clear because Defendant essentially requests relief for these counterclaims in the form of a factual determination that Defendant is not liable under the terms of the agreement.

Identification of a contractual provision in need of construction is necessary to state a claim for declaratory judgment, but Defendant identifies none. *See Tobon*, 2007 WL 1796250, at *2 (dismissing declaratory relief claim that "does not identify any provision of the insurance contract in doubt and in need of construction"). The Court therefore **GRANTS** Plaintiffs' motion to dismiss.[2]

### b. MOTION TO STRIKE

Plaintiffs contend that the following affirmative defenses lack detail sufficient to satisfy Rule 9(b):

> 16. The policy of marine insurance referenced in Plaintiffs' Complaint is void due to misrepresentations(s) and/or failure(s) to disclosure [sic] of material facts.
>
> 17. The policy of marine insurance referenced in Plaintiffs' Complaint is void due to Plaintiffs' intentional misrepresentation of material facts relating to the contract of insurance, which intentional misrepresentation occurred after the loss referenced in the Complaint. The Plaintiff has intentionally and fraudulently misrepresented the extent of the damages alleged to have been caused by or to have resulted from the incident described in the Complaint.

[ECF No. 38-3, p. 3].

---

[2] In the alternative, the Court finds that the purported declaratory relief claims would require resolution of the same factual issues underlying Plaintiffs' breach of contract claim and dismisses these claims as subsumed within Defendant's defense to the breach of contract claim. *Cf. Fernando Grinberg Trust*, 2010 WL 2510662, at *1 ("Since the Plaintiffs' claim for declaratory judgment is subsumed within its claim for breach of contract, the declaratory action must be dismissed."). Defendant tacitly admits that its counterclaims are actually affirmative defenses by raising the identical claims as affirmative defenses. [*See* ECF No. 38-3].

The Court finds that affirmative defense paragraphs 16 and 17 allege fraud but do not satisfy Rule 9(b)'s particularity requirements. Defendant states in paragraph 17 that Plaintiffs made the alleged misrepresentations after their loss occurred, but Defendant does not identify whether the misrepresentations were written or oral, the content of the misrepresentations, how the misrepresentations misled Defendant, or what, if anything, Defendant contends Plaintiffs obtained by making the statements. Defendant describes some or all of these alleged facts in *other* filings, including its response to the motion to strike, and the Court and the parties have discussed these facts during hearings, but Rule 9(b) is a *pleading* standard and Defendant must therefore allege details sufficient to satisfy Rule 9(b) within each affirmative defense.

Consequently, the Court **GRANTS** the motion to strike paragraphs 16 and 17 of Defendant's affirmative defenses. Because it appears that Defendant could amend these defenses to satisfy Rule 9(b), Defendant may amend paragraphs 16 and 17 of its affirmative defense.

### IV. CONCLUSIONS

For the reasons above, the Court **GRANTS** Plaintiffs' motions to dismiss and to strike. Defendant shall have **SEVEN DAYS** to amend paragraphs 16 and 17 of its affirmative defenses.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 24th day of April, 2012.

Jonathan Goodman
United States Magistrate Judge

**Copies furnished to:**
All Counsel of Record