UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-21163-CIV-GOODMAN

[CONSENT CASE]

MIAMI YACHT CHARTERS, LLC,
and ALBERTO LAMADRID,

     Plaintiffs,

v.

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH PENNSYLVANIA,

     Defendant.

_____/

## ORDER ON PLAINTIFFS' MOTION TO

## STRIKE DEFENDANT'S SECOND AMENDED AFFIRMATIVE DEFENSES

This cause is before the Court on Plaintiffs' Motion to Strike Defendant's Second Amended Affirmative Defenses. [ECF No. 63]. The Court reviewed the motion and Defendant's response [ECF No. 66] and, for the reasons below, the Court **DENIES** the motion.

### I.    INTRODUCTION

This is an action for alleged breach of an insurance contract filed by Plaintiffs, the owners of an insured yacht, against Defendant, the yacht insurer. Plaintiffs have moved to strike: (1) Defendant's second amended affirmative defenses 6 and 7 as insufficiently pled under Federal Rule of Civil Procedure 9(b); (2) paragraphs 18, 20, and 21 of affirmative defense 7 as containing immaterial and impertinent allegations; and (3) affirmative defenses 8 through 15 as improperly raised without leave of the Court. [ECF No. 63].

1

## II.   ANALYSIS

### a.   AFFIRMATIVE DEFENSE 6

The Court **DENIES** the motion to strike this affirmative defense because it concludes it does not allege *fraud* when properly construed.  The defense here concerns misrepresentations or failures to disclose material facts "**regardless of the intent**."  [ECF No. 61, p. 2 (emphasis supplied)].  Indeed, the latest version of this defense neither contains the word "fraud" nor expressly alleges "mistake" – two defenses which would need to be stated with "particularity" under Federal Rule of Civil Procedure 9(b).  The "regardless of the intent" language did not appear in earlier versions of this defense.

In response to the motion to strike, Defendant further clarifies that this defense "is not an allegation of fraud" and Defendant explains that it is instead merely attempting to raise the (alleged) maritime insurance law principal that "*any* material misrepresentation of fact, regardless of intent and regardless of whether it was made before or after a loss, voids the policy of marine insurance from its inception." [ECF No. 66, p. 5].  Defendant also contends that the specific maritime insurance policy applicable to this case contains a provision embodying this principal.[1]  In addition, Defendant cites a case supporting this principle in the maritime insurance contract application context.  Specifically, in *Steelmet, Inc. v. Caribe Towing Corporation*, 747 F.2d 689, 695 (11th Cir. 1984), the Eleventh Circuit cited with approval a line of cases holding that "nothing is better established in the law of marine insurance than that 'a mistake or commission material to a marine risk, whether it be willful or **accidental,** or result from mistake, **negligence** or voluntary **ignorance,** avoids the policy, and the same rule obtains, even though the

---

[1]     Defendant does not specifically identify it as such, but it appears that Defendant reproduced this alleged contractual provision in paragraph 25 of affirmative defense 7.  [ECF No. 61, p. 4].

insured did not suppose the fact to be material." *Id.* (additional quotation marks omitted; emphasis supplied).

The Court agrees with Defendant's construction that this affirmative defense concerns only unintentional, negligent or innocent misrepresentations or failures to disclose. The Court notes, however, that the parties have not fully briefed the issue of whether *any* misrepresentation or failure to disclose material facts in support of an insurance claim can void a maritime insurance contract and Defendant has not specifically identified what portion of the contract supports this defense. The Court is therefore at this time not judging the viability of this defense and will do so only if this defense is actually contested, for example, in a summary judgment motion or at trial.

### b. AFFIRMATIVE DEFENSE 7

Plaintiffs contend that this affirmative defense lacks detail sufficient to satisfy Rule 9(b) because Defendant did not describe "how the misrepresentations mislead Defendant, or what, if anything Defendant contends Plaintiffs obtained by making these statements." [ECF No. 63, p. 3]. However, the Court **DENIES** the motion to strike defense 7 because it concludes Defendant's allegations satisfy Rule 9(b). This affirmative defense alleges that individual Plaintiff Alberto Lamadrid gave deposition testimony and both Plaintiffs submitted documentation in support of a revised damages estimate in excess of $300,000.00 but that Lamadrid later acknowledged at a second deposition that the sum included repairs unrelated to the damage the insured ship suffered as a result of the incident at issue. [ECF No. 61, ¶¶ 19-24]. Moreover, the affirmative defense also states that Plaintiffs provided the testimony and documents "as a means of defrauding the Defendant in order to underwrite the extensive renovation of his vessel and to have the Defendant pay for improvements totally unrelated to the

incident." [*Id.* at ¶ 29]. There is more than adequate detail to meet Rule 9(b)'s particularity requirement.

The Court also **DENIES** the motion to strike paragraphs 18, 20, and 21 of affirmative defense 7. The Court reviewed these paragraphs and concludes they do not contain any immaterial or impertinent allegations.

### c.  AFFIRMATIVE DEFENSES 8 THROUGH 15

Plaintiffs correctly note that Defendant raised these additional defenses without leave of court. However, the Court **DENIES** the motion to strike and exercises its discretion to permit Defendant to raise these additional defenses. Fed. R. Civ. P. 15(a)(2). The eight "new" affirmative defenses are simply more-specific versions of Defendant's original amended affirmative defense 3. Defense number 3 states that "[t]he policy of marine insurance referenced in the Plaintiffs' Complaint does not afford any coverage for the incident described therein." [*Compare* ECF No. 38-3, ¶ 13 (amended defense 3), *with* ECF No. 61, ¶ 13 (second amended defense 3)]. Second amended affirmative defenses 8 through 15 merely specify the particular reasons why Defendant contends the policy does not provide coverage for the incident at issue in this lawsuit.

While technically unauthorized, these amendments narrow the defenses at issue in this lawsuit and therefore provide Plaintiffs with *greater* clarity as to exactly why Defendant believes no coverage exists. At the same time, by filing these second amended defenses, Defendant outlined the parameters of affirmative defense 3 – and that defense is therefore no longer susceptible to an interpretation which would include any reasons for the lack of coverage not specifically identified in defenses 8 through 15. Finally, the Court notes that any prejudice Plaintiffs may believe this ruling will cause them is ameliorated by the Court's recent ruling

providing Plaintiffs with a second opportunity to take the deposition of Defendant's corporate representative.  [*See* ECF No. 68].

**DONE and ORDERED**, in Chambers, in Miami, Florida, this _____ day of May, 2012.

Jonathan Goodman
United States Magistrate Judge

**Copies furnished to:**
All Counsel of Record

5