UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI YACHT CHARTERS, LLC
and ALBERTO LAMADRID,

    Plaintiff,

vs.

CASE NO. 11-CV-21163-DLG

CONSENT CASE

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH PENNSYLVANIA,

    Defendants.
_____/

**DEFENDANT'S MOTION FOR RECONSIDERATION**

    COMES NOW the Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PENNSYLVANIA, by and through its undersigned attorneys, pursuant to the Federal Rules of Civil Procedure, as well as the Local Rules of the United States District Court for the Southern District of Florida, and files this motion asking the Court to reconsider its decision to deny the Defendant's Motion to Correct the Record. In support thereof, the Defendant respectfully states as follows:

    Acutely aware of his responsibility to be respectful toward this Court, and aware also that zealous advocacy must never descend into shrill repetition of or insistence upon a legal position that has been properly analyzed, reviewed and rejected by the Court, the undersigned counsel for Defendant nevertheless remains insistent upon demonstrating (and also making the record for appeal) that this Court's Order of February 10, 2015 is wrong as a matter of law. Indeed it is precisely because of the esteem in which he holds this Court, and the fact that this Court has already shown itself willing to concede the point where it has committed a legal error, that the undersigned counsel now files this very brief Motion for Reconsideration.

1

Manifest error of law is a proper ground for the district court to grant a Motion for Reconsideration. *Arthur v. King*, 500 F.3d 1335 (11th Cir. 2007). The party moving for reconsideration must demonstrate that the ruling is based on a manifest error of law or fact; that there is newly discovered evidence; that the motion is necessary in order to prevent manifest injustice; or that the controlling law has changed. *See*, 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3rd ed. 1998).

In denying Defendant's Motion to Correct the Record, this Court has stated that Defendant is irrevocably bound by stipulated facts set forth in the parties' motions for summary judgment. This is the case despite the fact that Defendant has demonstrated that the only reason these critical "facts" were stipulated to was because this Court's very summary judgment ruling established that the referenced "facts" regarding alleged premature failure of a relief valve, were not material to any issue pertaining to summary judgment. It was only when the appellate court issued its ruling that it became apparent that the stipulated "facts" were in fact utterly critical and needed to be disputed in order for a just result to be obtained. It is respectfully submitted that the controlling law was changed by the 11th Circuit's ruling. Defendant's position is borne out by the fact that this Court issued not one (1) but two (2) summary judgment Orders neither of which found that the alleged premature failure of the relief valve was a material fact.

Defendant would point out (again!) that in none of its three (3) summary judgment Orders did this Court even refer to or mention anything about an alleged premature failure of a relief valve.

Indeed, had Defendant responded to Plaintiff's hearsay allegation regarding the relief valve allegedly failing after the passage of only 750 since the engine's last overhaul, legitimizing

Plaintiff's contention that this was in any way legally significant, that alone would have required this Court to deny Defendant's summary judgment motion.

Therefore, the Defendant instant motion presents this Court with an opportunity to again reconsider a legal matter, and also to establish a clear record demonstrating that this Court was fully on notice that its refusal to correct the record is contrary to law and is an abuse of discretion.

The caselaw showing that this Court is in error in its insistence upon holding to the stipulated "facts" is abundant and clear.  The caselaw illustrates that "the court does have the right, and it should never fail to exercise it, to relieve counsel of stipulations to prevent manifest injustice." *Laird v. Air Carrier Engine Service, Inc.*, 263 F.2d 948 (5th Cir.1959).  "The court has an ***obligation***, in addition to having the right, to relieve counsel of pre-trial stipulations where such relief is necessary to prevent manifest injustice." *Central Distributors, Inc. v. M.E.T., Inc.*, 403 F.2d 943 (5th Cir.1968) (Emphasis in the original). *See also*, *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (Decisions of the 5th Circuit prior to 1981 are binding on the 11th Circuit.).

"Where a stipulation is entered into under a mistake of law induced by the then existing state of the case law, [a party] is entitled to be relieved of the effect of that stipulation if no prejudice results. *Logan Lumber Co. v. Commissioner,* 365 F.2d 846 (5th Cir.1966).

The only "evidence" supporting the alleged premature failure of the insured vessel's relief valve was a single hearsay declaration by Mr. Lamadrid. That "evidence" was utterly irrelevant and only became a critical factor in this litigation when the 11th Circuit disagreed with this Court's summary judgment Orders and announced what Defendant contends is a new rule of law on the subject of an insured's obligation under an "All Risk" policy to show that an accident has occurred. Under these circumstances, it is respectfully submitted that the Defendant is "entitled" to be relieved of its stipulation, and this Court has the "obligation" do so.

CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that on February 11, 2015 I conferred with Daniel Caine, Esq., counsel for Plaintiffs MIAMI YACHT CHARTERS LLC and ALBERTO LAMADRID, in compliance with Local Rule 7.1 of the United States District Court for the Southern District of Florida. The parties made a good faith effort to resolve the issues raised in the present motion but were unable to do so.

WHEREFORE, the Defendant prays that the Court will enter its Order granting Defendant's Motion for Reconsideration and Defendant's Motion to Correct the Record, along with all such other and further relief as the Court may deem proper in the premises.

Dated: February 11th, 2015
       Fort Lauderdale, Florida

>                       GOLDMAN & HELLMAN
>                       Attorneys for Defendant
>                       800 S.E. 3rd Avenue
>                       4th Floor
>                       Fort Lauderdale, FL 33316
>                       Tel – (954) 356-0460
>                       Fax – (954) 832-0878
>
>                       By:   /s/ Steven E. Goldman
>                             STEVEN E. GOLDMAN, ESQ.
>                             FLA. BAR NO. 345210
>
>                       By:   /s/ Michael I. Goldman
>                             MICHAEL I. GOLDMAN, ESQ.
>                             Admitted *pro hac vice*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11th, 2015 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to the below counsel of record:

Daniel Caine, Esq.
Stabinski & Funt
757 N.W. 27th Avenue
3rd Floor
Miami FL 33125

GOLDMAN & HELLMAN
Attorneys for Defendant
800 S.E. 3rd Avenue
4th Floor
Fort Lauderdale, FL 33316
Tel – (954) 356-0460
Fax – (954) 832-0878

By:  /s/ Steven E. Goldman
     STEVEN E. GOLDMAN, ESQ.
     FLA. BAR NO. 345210