UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-21163-CIV-GOODMAN

[CONSENT CASE]

MIAMI YACHT CHARTERS, LLC,
and ALBERTO LAMADRID,

    Plaintiffs,

v.

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH PENNSYLVANIA,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION

## FOR RECONSIDERATION

    Substituting only one word (i.e., swapping "illogicality" for "insanity") transforms Albert Einstein's famous quote into one applicable to Defendant National Union Fire Insurance Company of Pittsburgh Pennsylvania's ("National Union") Motion for Reconsideration (the "Motion") [ECF No. 235] of this Court's Order [ECF No. 234] denying its motion to "correct" the record: "Illogicality: doing the same thing over and over again and expecting different results."

    Plaintiffs filed a response in opposition [ECF No. 236] to the Motion, and National Union then filed a reply [ECF No. 237].

1

National Union's Motion is, by Plaintiff's count [ECF No. 236], the **6th time** that National Union has tried to convince a court of its position after the Eleventh Circuit Court of Appeals issued its mandate.

National Union's Motion is unreasonable. The Eleventh Circuit Court of Appeals and this Court have repeatedly rejected the argument advanced once *again* in the Motion.

If defense counsel asserts the argument again, then he will be personally responsible for attorney's fees under 28 U.S.C. § 1927, for pursuing in bad faith a legal argument which unreasonably prolongs this already-delayed lawsuit.

In the Order which National Union wants reconsidered, the Undersigned noted that National Union appeared to be embracing a "never-give-up" approach to litigation. The Order also noted that the issue in question -- whether Plaintiffs met their modest burden of establishing that the cause of the damage to a vessel was fortuitous -- had already been resolved by both the Eleventh Circuit and this Court's post-appeal Order. The Order further explained that granting National Union the relief it sought would "surely violate the appellate mandate." [ECF No. 234, p. 2].

To further illustrate the Undersigned's view of National Union's position, the Order described the defendant insurance carrier's position as "tenacious" and noted that its "dogged, steadfast determination to again revisit the already-decided issue" was not persuasive. [*Id.*]. And the Order ended with the

2

not-too-subtle points that the issue could **no longer be pursued** and that National Union should acknowledge its legal defeat and finally fold up its fortuity argument. [*Id.* at pp. 13-14].

Thus, it was unequivocally clear that the Undersigned deemed the issue resolved -- multiple times.

So the Undersigned was astonished (to use a milder-than-the-actual-reality term) to see that National Union filed a motion for reconsideration.

National Union's Motion raises no new arguments. Instead, it merely **reclassifies** its argument. It now says that this Court should reconsider its ruling -- requiring the Undersigned to act contrary to the Eleventh Circuit Court of Appeals' mandate, reversing the summary judgment in National Union's favor -- because there is a "manifest error of law." [ECF No. 235, p. 2]. Once that conclusion is made, National Union argues, the Undersigned has the authority to relieve it of its stipulations (upon which the now-reversed summary judgment order and appellate opinion were based) because the relief it again asks for would prevent "manifest injustice." [*Id.* at pp. 2-3].

Classifying a repeatedly-rejected argument as one necessary to prevent manifest injustice does not create a new argument or a new theory. National Union's new selection of colorful language is still **based on the same arguments and theories:** It wants to be relieved of the unequivocal factual stipulation it made (it can't) and it claims that the Eleventh Circuit's decision in this case ignored well-established law and

3

created new legal principles (it didn't, but, even if it did, the Undersigned lacks authority to ignore the mandate issued here).

As noted in the earlier Order denying Defendant's motion to correct the record, National Union is ignoring the all-important facts that "the Eleventh Circuit has already rejected the argument" and that the appellate ruling it continues to challenge "is the ruling which controls how this case will be handled on remand." [ECF No. 234, pp. 9, 11].

Not only is there no doubt that the arguments raised in the Motion were previously raised, but there is also no question that National Union *acknowledges* this. In fact, on page 2 of the Motion, National Union writes, "Defendant would point out (again!) that in none of its three (3) summary judgment Orders did this Court even refer to or mention anything about an alleged premature failure of a relief valve." [ECF No. 235, p. 2]. Likewise, the Motion notes that defense counsel "remains insistent upon demonstrating" that the Order denying National Union's motion to correct the record "is wrong as a matter of law." [*Id.* at p. 1].

Not surprisingly, Plaintiffs oppose the motion, describing it as "an unsightly effort to obtain rehearing of the Eleventh Circuit's holding that the Plaintiffs have met their burden on fortuity." [ECF No. 236, p. 4].

Reconsidering an order "is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F.Supp.2d 1256, 1267 (N.D. Ala. 2006).

In reviewing a motion to reconsider, the Court "will not alter a prior decision absent a showing of clear and obvious error where the interests of justice demand correction." *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 687 F. Supp. 2d 1322, 1324 (S.D. Fla. 2009) (internal quotation omitted). Moreover, a reconsideration motion "should not be used to reiterate arguments already made or to ask the Court to rethink what the Court . . . already thought through." *Id.* (internal quotation omitted). Therefore, a reconsideration motion "premised on previously rejected arguments should be denied" because it "does not meet the standard" employed for assessing such a motion. *Id.* (internal quotation omitted).

Because National Union's Motion is based on arguments previously (and repeatedly) rejected by courts, the Undersigned must deny it. *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1344, n.1 (S.D. Fla. 2009) ("the motion for reconsideration lacked any colorable basis, was frivolous and unreasonably and vexatiously multiplied these proceedings. The motion did not address the standard for reconsideration, regurgitated arguments made in opposition to summary judgment and improperly presented new arguments"). *See also Baquero v. Lancet Indemnity Risk Retention Group, Inc.*, No. 12-24105-CIV, 2013 WL 5705574 (S.D. Fla. Oct. 18, 2013) (denying both motions

for reconsideration and noting that italicizing, underlining or emboldening the text of arguments made in a reconsideration motion does not render them new).[1]

As previously noted in the Order which National Union wants reconsidered, it is surely clear that Defendant is unhappy with both the Eleventh Circuit's order (and mandate) and the Undersigned's rulings following the mandate (as they must). But that alone is woefully inadequate to justify a reconsideration motion. For purposes of metaphorical harmony, the Undersigned will end this Order with another Albert Einstein quote: "We cannot solve our problems with the same thinking we used when we created them."

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 17th day of February, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

All Counsel of Record

---

[1] National Union's motion uses emboldening, underlining and an exclamation point to demonstrate the apparent strength of its argument. Its reply (in further support of its reconsideration motion) uses capitalization, emboldening and underlining. Those graphic flourishes are not particularly persuasive here, however.